# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

DAMIEN LAMONT DENNIS,       )
                                  )
              Plaintiff,    )
    v.                          )      No. 1:06-cv-1108-RLY-WTL
                                  )
MS. LISA (NURSE),             )
MS. SHANNON (NURSE),    )
                                  )
             Defendants.   )

## Entry Discussing Motion for Summary Judgment

The defendants in this prisoner's civil rights action seek the entry of summary judgment based on the argument that the plaintiff failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA").

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006)(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Damien Dennis ("Dennis") was confined at the Delaware County Jail ("Jail") from January 17, 2006, until March 29, 2007.  He alleges in this action that the defendant nurses at the Jail failed to deliver constitutionally adequate medical care during the first two days after his arrival at the Jail. (Dennis had been injured during his arrest.)  As noted, the defendants seek resolution of Dennis' claim through the entry of summary judgment. Summary judgment should be granted only where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). However, the non-moving party bears the burden of coming forward with specific facts from the record which show a genuine issue of material fact. *Morfin v. City of E. Chi.,* 349 F.3d 989, 997 (7th Cir. 2003) (citation omitted). In this case, Dennis has not opposed the motion for summary judgment with any evidentiary materials. His statement opposing the motion does not address the argument relied on by the defendants in their motion. Accordingly, the factual assertions on which the motion for summary judgment is based and which are properly supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which the plaintiff was notified.

The evidentiary record supporting the motion for summary judgment, construed in the manner most favorable to Dennis as the non-movant, is the following: Dennis had been injured during his arrest. He was taken from the location of his arrest, was treated, and was then transported to the Jail. He claims that he received no medical care for his wounds during the first two days at the Jail and that this was the responsibility of the defendant nurses. During his confinement at the Jail, there was a grievance procedure for inmates. Dennis' claim in this action is based on treatment which was within the scope of the Jail's grievance procedure. Dennis was aware of the grievance procedure and used it in relation to other conditions of his confinement and treatment at the Jail, but did not file a grievance relating to the claim which is asserted in this case.

The evidentiary record thus shows that Dennis did not file a grievance with respect to the claim asserted in this case. Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and the federal claims must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

The motion for summary judgment is therefore **granted,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date: 10/05/2007